IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTONIO JEROME WALLER                                                                    PLAINTIFF

v.                                    Case No. 1:24-cv-1085

SERGEANT DYLAN OWENS, Union County
Detention Center ("UCDC"); JAIL
ADMINISTRATOR PAUL KRUGELR, UCDC;
SHERIFF RICKY ROBERTS, Union County,
Arkansas; CAPTAIN LISA WORLEY, UCDC;
NURSE KASI SANFORD, Turn Key Health
Clinics, LLC                                                                              DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 6. Upon preservice screening of Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A(a), Judge Bryant recommends that Plaintiff's 42 U.S.C. § 1983 claims against Separate Defendants Dylan Owens and Kasi Sanford in their individual capacity for failure to provide medical care be allowed to proceed. Judge Bryant further recommends that all remaining claims be dismissed without prejudice for failure to state a claim. Plaintiff filed a timely objection, but does not address the reasoning of Judge Bryant's R&R. ECF No. 9. Instead, Plaintiff reiterates his factual allegations and references the Health Insurance Portability and Accountability Act ("HIPAA"), which is irrelevant to his § 1983 claims.[1] Therefore, the Court must only review the R&R for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is

---

[1] The closest Plaintiff comes to making a substantive argument is asserting that his first two claims are made under the Eighth Amendment instead of the Fourteenth Amendment. However, Judge Bryant correctly notes that, as a pretrial detainee, Plaintiff's claims must be made pursuant to the Fourteenth Amendment. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020).

necessary to require a *de novo* review of a magistrate's recommendation instead of a review for clear error).

Upon review, finding no clear error on the face of the record and that Judge Bryant's reasoning is sound, the Court adopts the R&R (ECF No. 6) in toto. Plaintiff's denial of medical care claims against Defendants Dylan Owens and Kasi Sanford in their individual capacity may proceed. All other claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge